CAROLINE P. HIRST *v.* NORMAN F. HIRST
(2434)

DUPONT, BORDEN and SPALLONE, Js.

Argued May 10—decision released July 31, 1984

*Ernest LaFollette,* for the appellant (defendant).
*Patrick R. Gil,* for the appellee (plaintiff).

SPALLONE, J. This is an appeal[1] from a second modification of a dissolution decree. Upon the dissolution of the parties' marriage in 1980, the court awarded custody of the minor child to the plaintiff mother; it ordered the defendant to pay $150 per week as child support, plus an additional $50 per week at such times when the child was enrolled in private school during the child's minority; and it ordered the defendant to pay $5000 to the plaintiff as repayment of debts, over a period of 5 years at the rate of $20 per week.

On August 24, 1981, the court, after a hearing on the plaintiff's motion for contempt, found the defendant in contempt and in arrears in the amount of $2325. It ordered the defendant to pay $25 per week towards this arrearage. The court also granted the defendant's motion for modification, reducing the previously ordered total weekly payment of $220 per week to $150 per week.

On October 20, 1982, both parties moved for modification of the child support order. After a hearing, the court ordered an increase in the child support order from $150 to $175 per week plus $25 per week on the arrearage.

The defendant has appealed from the October 20, 1982 modification claiming that the court abused its discretion in modifying upward the defendant's child support payments absent a finding of a substantial change in circumstances occurring subsequent to the initial modification order.

In response to the defendant's motion for rectification of appeal, the trier of fact, *Ryan, J.*, filed a rectification of appeal articulating the basis of his decision. He stated that, in acting upon the motion to modify the judgment, he took into consideration each and every

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

one of the criteria listed in § 46b-84 of the General Statutes and, on the basis of the evidence presented at the time of the hearing, he found that there was a substantial change in circumstances which was not contemplated by the parties at the prior modification hearing. A review of the record, transcripts and briefs supports the findings and awards of the trial judge.

During the hearing there was conflicting testimony as to the earnings and earning capacity of the defendant. There was also evidence presented, which had not been before the court at the time of the prior modification, that some of the defendant's personal expenses were paid by his corporation. The evidence was that the corporation paid the automobile expenses of the defendant and also paid the taxes and insurance on a house owned by Martha Crampton, with whom the defendant had been living for several years. The corporation also paid rent to Martha Crampton. The trial judge was in the best position to determine the credibility to be given the testimony. *Burton* v. *Burton,* 189 Conn. 129, 138, 454 A.2d 1282 (1983). The trial court chose to believe the plaintiff's evidence. The trier of the facts is free to accept or reject, in whole or in part, the evidence of either party. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); *Brey* v. *Brey,* 1 Conn. App. 397, 399, 472 A.2d 354 (1984). This is particularly true with respect to financial awards in a dissolution action where "great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence." *Gallo* v. *Gallo,* 184 Conn. 36, 50, 440 A.2d 782 (1981); *Fattibene* v. *Fattibene,* 183 Conn. 433, 442, 441 A.2d 3 (1981). We are not the finders of fact; that is for the trial court. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 4, 420 A.2d 1142 (1979); *Riccio* v. *Abate,* 176 Conn. 415, 418, 407 A.2d 1005 (1979); *Brey* v. *Brey,* supra. Our review is limited to a determination of whether the deci-

sion made is logically consistent and supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We conclude that it is.

The defendant also claims that the court abused its discretion in not decreasing the support orders on the basis of the larger income reported by the plaintiff. The trial court could have concluded that the change in the plaintiff's earnings was contemplated by the parties because the change was only a reflection of the fact that she had transformed a nonliquid asset into a liquid asset. The asset was the family home which was sold for the same price at which it was listed on her financial affidavit at the time of the dissolution. There was also evidence to support a finding that the plaintiff's expenses had increased.

There is no error.

In this opinion the other judges concurred.