MARY ANN LEO *v.* SALVATORE LEO, JR.
(11926)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 6—decision released July 23, 1985

*Diane M. Andersen,* with whom, on the brief, was *Marcella Gereg,* for the appellant (plaintiff).

*Andrew P. Nemiroff,* with whom, on the brief, was *Robert A. Epstein,* for the appellee (defendant).

ARTHUR H. HEALEY, J. In this appeal from the judgment dissolving the marriage of the parties, the plaintiff wife claims an abuse of judicial discretion by the trial court in its determination of the awards of alimony and child support. Specifically, the plaintiff claims that the trial court: (1) misapplied the criteria of General Statutes § 46b-81 (c) to the sale of jointly held real property; (2) did not award alimony and support in accordance with the criteria set forth in General Statutes §§ 46b-82 and 46b-84 (a) and (b); and (3) did not accurately assess the defendant husband's business income, benefits, and ownership interest in a corporation owned and controlled by his family. We find these claims to be without merit.

The parties were married on June 14, 1970, and had one minor child who was born in 1973. The marriage was dissolved by the trial court on December 28, 1982, on the ground of irretrievable breakdown. In its memorandum of decision, some twelve pages in length, the trial court awarded custody of the minor child to the plaintiff and reserved visitation rights to the defendant. The parties were not at issue on the matter of custody and visitation. The trial court ordered the defendant to pay $700 per month in unallocated alimony and child support until the child reached the age of eighteen years. In the event the plaintiff remarried, the support for the minor child was ordered to be $400 per month. The defendant was ordered to transfer title in a $6000 automobile to the plaintiff and he was to continue to maintain a $50,000 life insurance policy with their child as the beneficiary until she attained the age of eighteen years. The defendant was also ordered to

continue to maintain a $25,000 life insurance policy, which named the plaintiff as beneficiary, as long as his obligation to pay alimony continued. In addition, the defendant was required to maintain major medical insurance on behalf of the child. With the exception of certain named items of personal property,[1] the plaintiff was to receive the remaining furnishings and appliances within the family home.

The family home in Danbury was valued at approximately $95,000 according to the financial affidavits of the parties and carried a first mortgage of $38,288. The jointly owned home was purchased in 1974 for $57,000 with a $15,000 down payment. The court found the $15,000 down payment to be a loan from the defendant's father. The trial court ordered that the family home in Danbury be sold and that the first mortgage as well as the loan from the defendant's father and other specified costs be paid from the proceeds of the sale. The balance of the proceeds was to be apportioned between the parties. The trial court also ordered that the defendant retain sole ownership of his 17 percent interest in the family-owned business. Following the entry of judgment, the plaintiff filed this appeal seeking to have the judgment set aside and the case remanded for a new trial.

We first address the plaintiff's claim that the trial court did not make reference to the relevant statutory criteria of §§ 46b-82 and 46b-84 in its award of alimony and support to the plaintiff and that it is therefore impossible to ascertain the basis upon which the

---

[1] The plaintiff sold several of the items of the defendant's personal property prior to trial. The plaintiff also claimed on appeal that the court's transfer of this property to the defendant represents an abuse of discretion and constitutes error. The defendant in his brief indicated that he believed the issue to be moot and to have no bearing on the appeal. In any event, the defendant has abandoned any claim as to those items of his that were sold by the plaintiff and that issue is no longer viable on this appeal.

monthly alimony and support was determined. It should be noted that, despite this claim, the plaintiff did not choose to exercise her right to seek an articulation of the trial court's decision under Practice Book § 3082 with regard to the basis for the award of alimony and support. See *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980).

The scope of our review "of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did." *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984), quoting *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 222. The trial court is "in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action, in which personal factors such as the demeanor and the attitude of the parties are so significant." (Citations omitted.) *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); see also *Holley* v. *Holley,* supra; *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982). "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." *Smith* v. *Smith,* 185 Conn. 491, 493, 441 A.2d 140 (1981); *Beede* v. *Beede,* supra, 195. Moreover, we do not retry the facts. See *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *Kaplan* v. *Kaplan,* supra, 391. In determining whether the trial court could reasonably conclude as it did on the evidence before it, every reasonable presumption should be given in favor of the correctness of its action. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981); *Pasquariello* v. *Pasquariello,* 168

Conn. 579, 584, 362 A.2d 835 (1975). "The conclusions which we might reach, were we sitting as the trial court, are irrelevant. *Gallo* v. *Gallo,* [supra], 44–45; *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980)." *Carpenter* v. *Carpenter,* supra, 741; see *Kaplan* v. *Kaplan,* supra, 391.

In awarding alimony, the trial court, under General Statutes § 46b-82, "shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the [property] award, if any [under § 46b-81], and . . . the desirability of [the custodial] parent's securing employment." Under General Statutes § 46b-84 (b),[2] the child support provision, the criteria the trial court must consider are very similar to those listed in § 46b-82.

The memorandum of decision reflects a thoughtful consideration of the criteria for alimony, support and distribution of property set forth in General Statutes §§ 46b-81 (c),[3] 46b-82 and 46b-84. The trial court was not required to make express findings on each of the statutory considerations. See, e.g., *Dubicki* v. *Dubicki,* 186 Conn. 709, 716, 443 A.2d 1268 (1982).

[2] General Statutes § 46b-84 (b) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

[3] General Statutes § 46b-81 (c) requires the trial court to consider virtually the same criteria for the assignment of property and the transfer of title as for the award of alimony. Section 46b-81 (c) also includes as a factor "the opportunity of each for future acquisition of capital assets and income," as well as "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

With respect to General Statutes § 46b-81 (c), the plaintiff argues that the trial court failed to perceive the "financial facts" and "incorrectly applied the statutory criteria to those facts." The trial court was presented with detailed information by both parties, some of it conflicting, in their financial affidavits and trial testimony from which the court could make reasonable findings of fact leading logically to its determination. One main contention of the plaintiff is that the order to pay to the defendant's father from the proceeds of the sale the $15,000 loaned for the down payment on the family home was an abuse of discretion. The trial court was in the optimum position to weigh the conflicting evidence as to whether the $15,000 payment was a loan or a gift. The court's determination that such payment was a loan was a permissible exercise of its factfinding function.[4] The trial court chose to believe the defendant's evidence. "The trier is free to accept or reject, in whole or in part, the evidence offered by either party." *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); see also *Hirst* v. *Hirst,* 2 Conn. App. 348, 350, 478 A.2d 618 (1984).

The trial court's finding that the plaintiff is solely responsible for the debts and liabilities listed on her financial affidavit does not, on a permissible view of the evidence, constitute an abuse of discretion. The court looked at, inter alia, the dates on which the bills had been incurred and found that the majority of them had been incurred since the 1980 separation. The court expressly determined that the sale of the property would enable the plaintiff to pay most of her debts and that the plaintiff could then relocate to a home in which she could manage her finances more efficiently than she had demonstrated in the past.

---

[4] The plaintiff testified that while she knew of the $15,000 when it was applied to the purchase of the family home, she "assum[ed]" the $15,000 payment was a gift from the defendant's family corporation.

With respect to the plaintiff's claim that the trial court failed to conform its orders of alimony and support to the facts in evidence and the criteria set forth in General Statutes §§ 46b-82 and 46b-84 (a) and (b), we find no abuse of discretion in the trial court's awards.

Our examination of the memorandum of decision reveals that the trial court considered the various statutory factors.[5] The court found the plaintiff to be thirty-five years old, in good health, and presently employed at a weekly gross salary of $162. The plaintiff has an associate's degree and has completed 120 semester hours toward a bachelor's degree, with a major in graphics. She has previously been employed as a clerical worker doing accounts receivable. The trial court looked to the causes of the dissolution of the ten year marriage and found that the defendant went to great lengths to save his marriage and that none of the plaintiff's allegations was the cause of the breakdown of the marriage.

The court recognized that the defendant has a presently higher earning capacity than the plaintiff and that there was a disparity in the parties' salaries. In recognition of this, the defendant, in addition to the $700 monthly alimony and support payment, was required, among other things, to maintain two insurance policies with the wife and child as beneficiaries as well as to maintain the child's medical insurance coverage. In light of all the evidence before the trial court, what is left of the plaintiff's argument is that the criteria were not weighed equitably, thus resulting in an impermissible award. See *Barnes* v. *Barnes*, 190 Conn. 491, 494, 460 A.2d 1302 (1983). The trial court's "determination of the weight to be assigned to

---

[5] In its memorandum of decision, the trial court expressly noted, prior to stating its orders and after thoroughly discussing the facts, that it reviewed "all of the facts found" and the "statutory provisions."

the conceded discrepancy between the parties' earning capacity is not independently reviewable." *Tutalo* v. *Tutalo,* supra, 252. It would be an unwarranted excursion into the domain of the trier for this court to "vary either the weight placed upon specific statutory criteria or the weight placed upon documentary or testimonial evidence." *Carpenter* v. *Carpenter,* supra, 741–42.

The final ground assigned as a basis for error is the trial court's assessment of the value of the defendant's income, benefits, and ownership interest in his family's business. The plaintiff claims that these factual errors caused inequitable awards of property and support. A review of that portion of the trial court's memorandum of decision that discusses in detail the family-owned corporation shows the plaintiff's claim to be without merit. The court examined the type and nature of the business involved and found it to be a closely held corporation in which the defendant, his mother and father, and his brother are the officers. A bank loan agreement with the corporation sets a maximum figure for officers' combined salaries of $105,000. The defendant's gross annual salary for 1981 and 1982 was $39,000. The court made a finding, based on an independent appraisal by a company seeking to purchase the corporate property and on the defendant's testimony, that the corporate property is worth $1,100,000. The trial court did not "ignor[e]" the evidence submitted evaluating the worth of the business of the corporation, excluding the property, as the plaintiff claims. Rather, the court chose, as it could, not to weigh heavily the evidence of the net worth of the business, as there was, at the time of the dissolution proceedings, pending litigation in New York between the defendant's family corporation and the potential buyer concerning the option to purchase. The memorandum also reveals that the trial court was abundantly aware of the defendant's

percentage interest in the corporation. That the court did not translate the defendant's 17 percent interest in this closely held family corporation into a dollar figure, in this case, does not demonstrate the court's failure to consider this interest. Moreover, the court did make an express finding that there was no basis for the plaintiff's claims that the defendant received certain moneys from this corporation that were not reported to the Internal Revenue Service. "When all of the financial factors are placed on the scale of equity and fairness we cannot say that the trial court, in reason, could not have concluded as it did." *Krause* v. *Krause,* 189 Conn. 570, 572, 456 A.2d 1204 (1983).

There is no error.

In this opinion the other judges concurred.