PAULINE BISSON *v.* LEO J. BISSON
(3286)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 11—decision released August 20, 1985

*Herbert S. Wolfe,* with whom, on the brief, was *Linda B. Meyers,* for the appellant (defendant).

*William J. Eddy,* for the appellee (plaintiff).

SPALLONE, J. In this appeal by the defendant from the judgment in a dissolution action, the trial court found the following facts. At the time of this action, the plaintiff and the defendant had been married for thirty-three years. Their children, issue of the marriage, had all attained majority. The defendant is the principal of a corporation engaged in a lucrative manufacturing business. Through the manipulative use of corporate funds, he has maintained a lifestyle disproportionate to the amount of his stated net weekly income, without incurring debts of any major consequence. The plaintiff, during the course of the marriage, had never been employed outside the home.

Although the marriage had gone well for a number of years, the relationship had been strained by the defendant's extramarital affairs. About four years prior to the present action, the defendant became involved with a female employee of his firm. At the time of trial, this relationship had progressed to the point where the defendant and the employee were living together and had made plans to marry.

The trial court found that the marriage between the parties had broken down irretrievably and that the conduct of the defendant was a substantial factor in causing that breakdown. In granting a dissolution of the marriage, the court granted financial awards, which included, inter alia, that the defendant pay the plaintiff weekly alimony of $600, that the plaintiff be named as irrevocable beneficiary of certain life insurance policies and that the defendant pay certain expenses of the plaintiff totalling $18,500, within sixty days. To secure these payments, the court entered the following order: "The defendant is ordered not to sell, pledge, transfer, or encumber his corporate stock in Hartford Tape

& Label Incorporated or in the real estate owned by it without the consent of the plaintiff; or, failing such consent, upon the order of the court."

The sole claim of error being urged upon this court is the propriety of the security order. The defendant's contention that the court abused its discretion in entering that order is utterly without merit.

General Statutes § 46b-82 provides in pertinent part: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other. . . . [and] *may* direct that security be given therefor on such terms as the court may deem desirable. . . ." (Emphasis added.) The use of the word "may" in the statute clearly invokes the discretionary power of the trial court. See *Fritz* v. *Madow,* 179 Conn. 269, 272, 426 A.2d 268 (1979). Our review is thus limited to ascertaining whether the order for security constituted an abuse of the trial court's discretion. *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). For us to conclude that the trial court abused its discretion, we must ultimately discern whether the court could reasonably conclude as it did. *Timm* v. *Timm,* 195 Conn. 202, 207, 487 A.2d 191 (1985).

Security for the payment of alimony may appropriately be required where the court reasonably anticipates that the obligor spouse's extravagant disposition of property may render the enforcement of the order difficult. 24 Am. Jur. 2d, Divorce and Separation § 771. The amount of security which a court may order depends upon the evidence in the particular case. Id. Because of the trial court's unique opportunity to observe the appearance and attitude of the parties and to evaluate the evidence firsthand, we accord great weight to its judgment when financial awards in a dis-

solution action are challenged on appeal. *Timm* v. *Timm,* supra, 206; *Eldridge* v. *Eldridge,* 4 Conn. App. 489, 491–92, 495 A.2d 283 (1985).

The record and the transcript in this case are replete with instances reflecting the inclination of the defendant to engage in financial manipulation. We therefore conclude that the trial court's decision to require security for its financial awards finds full support in the evidence elicited at the trial.

There is no error.

In this opinion the other judges concurred.