HOWARD KINNEY *v.* PENELOPE KINNEY
(3596)

SPALLONE, DALY and HADDEN, Js.

Argued September 17—decision released November 19, 1985

*Penelope Kinney,* pro se, the appellant (defendant).

*John A. Berman,* with whom, on the brief, was *John K. Currie,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment of the trial court dissolving the marriage of the parties. The defendant claims that the trial court abused its discretion in denying her motion for a continuance, in determining the value of the plaintiff's assets, in effecting a property settlement, and in making financial awards.

Regarding the defendant's first claim of error, it is clear that a motion for continuance is addressed to the trial court's discretion, and the court's ruling on such a motion will not be disturbed unless a clear abuse of that discretion is shown. *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985). The reviewing court is especially hesitant to find such an abuse of discretion where, as here, the trial court has denied a motion for continuance made on the day of trial. *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983). "Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980).

The record discloses that the action for dissolution was instituted in June, 1981. The original trial date was May 18, 1983. The defendant failed to appear on that

date despite being subpoenaed by her own counsel. At that time, counsel for the defendant sought a continuance on the ground that the defendant was physically unable to attend the trial. The court granted the requested continuance. The case was rescheduled and ultimately tried on June 18, 1984, thirteen months after its original trial date. Again the defendant failed to attend, and again her counsel[1] moved for a continuance, the basis being that the defendant was not properly prepared. The court denied the defendant's request, noting that there had been a considerable amount of discovery in the case, and that the case had been pending for almost three years. The court also noted the defendant's previous reluctance to appear. Under these circumstances, we cannot say that the trial court abused its discretion in denying the defendant's request for a continuance. See *Thode* v. *Thode,* supra; *Leveston* v. *Leveston,* 182 Conn. 19, 23–24, 437 A.2d 819 (1980).

The second issue to be addressed is whether the trial court abused its discretion in determining the value of the plaintiff's assets. At trial, the sole evidence concerning the value of these assets consisted of the plaintiff's own testimony. The court noted that the plaintiff was closely cross-examined, and concluded that there was no reason to question his veracity. The trier of facts was free to accept or reject any portion of the evidence of either party. *Leo* v. *Leo,* 197 Conn. 1, 6, 495 A.2d 704 (1985); *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); *Hirst* v. *Hirst,* 2 Conn. App. 348, 350, 478 A.2d 618 (1984). Having only the plaintiff's testimony to consider, and having no reason to question that testimony, we conclude that the trial court acted reasonably in accepting it and in using it to determine the value of the plaintiff's assets. See *Leo* v. *Leo,* supra, 9.

---

[1] At this point, the defendant had retained new counsel.

The defendant's remaining claims of error relate to the trial court's decision concerning financial awards and its division of the parties' property. Again, the dispositive issue is whether the trial court abused its discretion or whether it could have reasonably concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 207, 487 A.2d 191 (1985); *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *Bisson* v. *Bisson,* 5 Conn. App. 67, 69, 496 A.2d 543 (1985).

In determining such matters, the trial court must consider the length of the marriage and the causes of its dissolution, and the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs and future potentials of each of the parties. General Statutes §§ 46b-81 (c), 46b-82; see *Levy* v. *Levy,* 5 Conn. App. 185, 188, 497 A.2d 430 (1985). It is apparent from a review of the trial court's memorandum of decision that the court weighed these factors in reaching its determination of the appropriate financial awards and division of property. We cannot, as an appellate court, vary the weight which the trial court placed upon such factors. *Carpenter* v. *Carpenter,* supra, 742. Moreover, it is not the function of this court to retry the facts. *Leo* v. *Leo,* supra, 4; *Carpenter* v. *Carpenter,* supra, 741–42; *Hirst* v. *Hirst,* supra, 350. We conclude that the decision of the trial court regarding the financial awards and division of property was reasonable and supported by the evidence presented. See *Hirst* v. *Hirst,* supra, 350–51.

There is no error.

In this opinion the other judges concurred.