## Alfred Tirado *v.* Stella Barbara Tirado
### (4212)

Hull, Spallone and Daly, Js.

Argued January 15—decision released April 15, 1986

*Paul J. Yamin,* for the appellant (plaintiff).

*Robert P. Hanahan,* with whom, on the brief, was *Paul J. Shea,* for the appellee (defendant).

Daly, J. In this appeal from the judgment dissolving the marriage of the parties, the plaintiff challenges the court's award of lump sum alimony and attorney's fees to the defendant.

The facts are not in dispute. The parties married on June 2, 1940. Two children who are issue of the marriage and who lived with and were brought up by the defendant have since reached their majority. The plaintiff spent most of his career doing maintenance work for his stepfather and making deliveries for his stepfather's oil business. The plaintiff retired in 1983. The defendant worked in a factory throughout her career

and most of her income was used to support herself and the two children. She is also retired.

The parties separated in 1948 and the plaintiff thereafter fathered two other children as a result of another liaison. The plaintiff paid the defendant $100 per month for child support until his retirement in 1983 and also paid for her rent and utility bills. On April 11, 1985, the marriage of the parties was dissolved by decree. At the time of the dissolution, both parties were sixty-eight years of age. The plaintiff has amassed $169,000 in savings while the defendant has $12,308.76. The plaintiff has inherited $949,766.53 from the estates of his mother and stepfather making his net worth $1,118,766.53. The plaintiff lives alone in a duplex house while the defendant resides in a third floor walkup apartment in a commercial industrial area. Her income is approximately $103.72 per week from social security and pension benefits while her weekly expenses total $272.25.

The trial court, after considering General Statutes § 46b-82,[1] awarded the defendant a lump sum alimony payment of $200,000. Additionally, in accordance with a supplemental decision, the court ordered the plaintiff to pay the defendant attorney's fees in the amount of $10,000. The plaintiff claims that the trial court erred in making such awards. The court's orders were based on its finding that the plaintiff failed to assume the burdens of the marriage contract by not adequately supporting his wife and children in a marriage lasting approximately forty-five years during which the parties lived together for only a two year period. Further,

---

[1] General Statutes § 46b-82 provides in pertinent part: "In determining whether alimony shall be awarded and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for . . . the dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."

the court found that the plaintiff's financial resources were substantial (in excess of one million dollars) while the defendant's resources, reduced by the support of herself and the children, were minimal.

Because of the opportunity for the trial court to observe the parties and the evidence, great weight is given to its judgment with respect to the financial awards in a dissolution action. *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984). The dispositive issue is whether the trial court abused its discretion or whether it could have reasonably concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 207, 487 A.2d 191 (1985); *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *Bisson* v. *Bisson,* 5 Conn. App. 67, 69, 496 A.2d 543 (1985). In determining financial awards in a dissolution action, the trial court must consider the length of the marriage and the causes of its dissolution, and the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs and future potentials of each of the parties. General Statutes §§ 46b-81 (c), 46b-82; see *Levy* v. *Levy,* 5 Conn. App. 185, 188, 497 A.2d 430, cert. denied, 197 Conn. 813, 499 A.2d 60 (1985). It is apparent from a review of the trial court's comprehensive memorandum of decision that the court weighed these factors in reaching its determination of the appropriate financial award. We cannot, as an appellate court, vary the weight which the trial court placed upon such factors. *Carpenter* v. *Carpenter,* supra, 742. Moreover, it is not the function of this court to retry the facts. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Carpenter* v. *Carpenter,* supra, 741–42. We conclude that the decision of the trial court regarding the financial award was reasonable and supported by the evidence presented. See *Hirst* v. *Hirst,* 2 Conn. App. 348, 350–51, 478 A.2d 618 (1984).

Further, the plaintiff claims as error the trial court's award of $10,000 to the defendant as counsel fees. The plaintiff bases his claim principally on the fact that the defendant will have sufficient funds to pay her own attorney's fees if the $200,000 award of lump sum alimony is upheld. "The decision to award attorney's fees is made independently from a decision to award alimony or to assign property in a dissolution action. . . . Therefore, if a trial court does make other financial awards, this does not mean that it must also, ipso facto, make an award of attorney's fees. This is evident in the language of General Statutes § 46b-62,[2] which permits, without requiring, a trial court to award attorney's fees after considering the respective 'financial abilities' of the parties 'and the criteria set forth in section 46b-82.' . . . We have also noted that the availability of 'sufficient cash' to pay one's attorney's fees is not an absolute litmus test for making an award pursuant to General Statutes § 46b-62. . . . This is because a trial court's discretion should be guided so that its decision regarding attorney's fees does not undermine its purpose in making any other financial award." (Footnote added.) *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32–34, 459 A.2d 498 (1983). "In making its determination regarding attorney's fees on appeal, we deem it appropriate for the court in the exercise of its broad judicial discretion to consider the statutory criteria set out in General Statutes §§ 46b-62 and 46b-82 and the respective financial abilities of the parties." *Holley* v. *Holley,* supra, 34.

---

[2] General Statutes § 46b-62 provides in pertinent part: "ORDERS FOR PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 45-162, 46b-1, 46b-6, 46b-204, 47-14g, 51-348a and 52-362, the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

Whether a spouse has sufficient liquid funds to pay for attorney's fees can only be determined by examining the total financial resources of the parties in light of the statutory criteria. *Fitzgerald* v. *Fitzgerald,* supra, 34; *Ellsworth* v. *Ellsworth,* 6 Conn. App. 617, 621, 506 A.2d 1080 (1986); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 151, 477 A.2d 678 (1984). In *Koizim* v. *Koizim,* 181 Conn. 492, 501, 435 A.2d 1030 (1980), the court applied the statutory criteria in light of three broad principles: "First, such awards should not be made merely because the obligor has demonstrated an ability to pay. Second, where both parties are financially able to pay their own fees and expenses, they should be permitted to do so. Third, where, because of other orders, the potential obligee has ample liquid funds, an allowance of counsel fees is not justified." *Turgeon* v. *Turgeon,* 190 Conn. 269, 280, 460 A.2d 1260 (1983). "Therefore, if, on the basis of the total financial resources of the parties, the trial court concludes that denying an award of counsel fees would not undermine its purpose in making its prior financial orders, the court should allow each party to pay his or her own counsel fees. If, on the other hand, the trial court concludes, based on the total financial resources of the parties, that denying an award of counsel fees would undermine its prior financial orders, then it may award counsel fees to the requesting party." (Citations omitted.) *Fitzgerald* v. *Fitzgerald,* supra, 34.

In determining awards for attorney's fees, three categories of cases have emerged: (1) where an award is justified and its denial would be an abuse of discretion by substantially undermining the other awards; (2) where the granting or denial of an award falls within the court's discretion and is rarely disturbed; and (3) where an award constitutes an abuse of discretion. *Turgeon* v. *Turgeon,* supra, 281. This case falls clearly in the first category.

In the present case, we cannot find that the trial court abused its discretion or acted unreasonably in granting the defendant's request for attorney's fees, since to do otherwise would undermine the $200,000 alimony award to the defendant.

There is no error.

In this opinion the other judges concurred.