## Rita Carter *v.* Ralph L. Carter
## (3678)

Dupont, C. J., Daly and Bieluch, Js.

Argued April 30—decision released July 29, 1986

*Lloyd Cutsumpas,* with whom was *Thomas W. Beecher,* for the appellant (plaintiff).

*David P. Ball,* with whom, on the brief, was *Joseph Dieso,* for the appellee (defendant).

DALY, J. In this appeal from the judgment dissolving the marriage of the parties, the plaintiff challenges the trial court's division of assets and award of alimony as being unreasonably disproportionate.

The trial court found the following facts. The parties were married on December 2, 1972. This was the fourth marriage for the defendant, a retired airline pilot, who had been told by the plaintiff before their marriage that she was divorced from her husband, owned a home in Bethel and enjoyed a $500 weekly income from her grandmother's estate in Austria. The defendant subsequently learned that such was not true. The trial court found the plaintiff's credibility to be totally lacking on the basis of the fact that her financial representations to the defendant were untrue. The

plaintiff, although suffering from arthritis, was found to be employable. The defendant was in poor health at the time of the dissolution. The plaintiff was found to be the cause of the breakdown of the marriage which was dissolved on November 5, 1984, by the trial court, *Geen, J.*

After a division of certain personalty, the trial court awarded the plaintiff periodic alimony in the amount of $250 a week for a maximum of two years and the proceeds of the sale of certain stock holdings. The defendant was also ordered to assume certain of the plaintiff's medical bills. The plaintiff claims on appeal (1) that the irretrievable breakdown of the marriage was not a result of her conscious acts, and (2) that the monetary award to her was inadequate.

As a result of certain postjudgment motions filed by the plaintiff, the trial court awarded the plaintiff $150 per week in temporary alimony pending resolution of the appeal. The defendant was subsequently ordered to pay all of the plaintiff's medical expenses not covered by the defendant's insurance policy as long as they did not exceed written estimates which were filed in court. The order was conditioned on the plaintiff's signing a release allowing the defendant to make withdrawals during 1985 from his pension fund. The plaintiff amended her issues challenging the trial court's refusal to grant postjudgment relief by refusing to modify the alimony award from $150 to $250 per week and in requiring her to release the 1985 pension fund payment to the defendant.[1]

In dissolution of marriage cases, we allow the trial court broad discretion in determining whether it cor-

[1] According to the September 16, 1985 order, the defendant was entitled to receive a lump sum from his pension each year. This required the waiver or consent of the plaintiff spouse under the provisions of the Pension Reform Act of 1984, effective January 1, 1985.

rectly applied the law and made reasonable conclusions based on the facts presented. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982); *Tirado* v. *Tirado,* 7 Conn. App. 41, 43, 507 A.2d 470 (1986). The trial court is "in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action, in which personal factors such as the demeanor and the attitude of the parties are so significant." *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); *Pickman* v. *Pickman,* 6 Conn. App. 271, 277, 505 A.2d 4 (1986). The trial court is in the position to weigh and interpret the evidence before it in order to pass upon the credibility of witnesses. We, as a reviewing court, do not retry the facts. *Leo* v. *Leo,* supra. The trial court chose to believe the defendant's evidence. "The trier of the facts is free to accept or reject, in whole or in part, the evidence of either party." *Holmes* v. *Holmes,* 2 Conn. App. 380, 382, 478 A.2d 1046 (1984).

In support of her claim that the temporary alimony was inadequate, the plaintiff offered expert medical testimony that she is 25 percent permanently disabled by arthritis. " 'The acceptance or rejection of the opinions of expert witnesses is a matter peculiarly within the province of the trier of fact and its determinations will be accorded great deference by this court.' " *Johnson* v. *Healy,* 183 Conn. 514, 515–16, 440 A.2d 765 (1981). The facts cannot be retried on appeal. "This is particularly true with respect to financial awards in a dissolution action where 'great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence.' " *Hirst* v. *Hirst,* 2 Conn. App. 348, 350, 478 A.2d 618 (1984). In dissolution actions, the trial court may exercise broad discretion in awarding alimony and dividing property. *Carpenter* v. *Carpenter,* 188 Conn. 736, 742, 453 A.2d 1151 (1982). "While alimony, in whatever form, or an

assignment of property is not to be considered either as a reward for virtue or as a punishment for wrong-doing, a spouse whose conduct has contributed substantially to the breakdown of the marriage should not expect to receive financial kudos for his or her misconduct." *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982).

We disagree with the plaintiff's claim that the trial court, in making its award of alimony and its assignment of property, gave inordinate weight to the cause of the breakdown. There is no provision in the governing statutes requiring that awards of alimony be distributed equally between the parties. *Tutalo* v. *Tutalo,* supra, 253. The trial court structured the division of property in a way which returned to the defendant his contribution to the marriage. *Weiman* v. *Weiman,* 188 Conn. 232, 235, 449 A.2d 151 (1982). We find that the trial court fully considered in its memorandum of decision the criteria set out in General Statutes § 46b-81[2] and that the decision regarding the financial award was reasonable and supported by the evidence. *Tirado* v. *Tirado,* supra.

In the amendment to the appeal, the plaintiff further claimed that the trial court abused its discretion in not increasing the temporary alimony pending the appeal from $150 to $250 per week and in ordering her to sign a release for the 1985 pension withdrawal. The plain-

---

[2] General Statutes § 46b-81 provides in pertinent part: "[T]he superior court may assign to either the husband or wife all or any part of the estate of the other. . . . (c) In fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

tiff sought no articulation of the order of September 16, 1985. It may well be that the trial court decided that the release of the pension fund was necessary for the defendant to make his alimony payments or to have funds available for the plaintiff's potential medical expenses. The established rule in a modification action is that the decision of the trial court shall be attributed great weight and every consideration given in support of its correctness. *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981). " '[T]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage.' " *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). The plaintiff relies on *Connolly* v. *Connolly,* 191 Conn. 468, 464 A.2d 837 (1983), for the claim that she was not given adequate notice of the court's order to sign the approval consent form. *Connolly* is distinguishable from the present case because it involved an action under subsection (b) of General Statutes § 46b-86 which requires notice and hearing in order to modify dissolution judgments in situations where a party receiving alimony is living with another person. "Because § 46b-86 (a) is narrowly written it cannot reasonably be construed as giving notice of grants of judicial authority outside its own parameters. Moreover, the principle of constructive notice cannot be extended to subsection (b) of § 46b-86 because to do so would negate the notice and hearing requirements expressly provided therein by the legislature." *Connolly* v. *Connolly,* supra, 477.

Because the plaintiff's counsel did not object to the failure of the defendant to testify as to his ability to pay alimony without reaching into the pension fund, it would appear that both parties obviously acquiesced in the procedure regarding the consent form. "If coun-

sel has full knowledge of improper conduct (or what he perceives to be improper procedure) he cannot remain silent, hoping for a favorable ruling, and then be heard to complain when the order is unsatisfactory. See Holden & Daly, Conn. Evidence § 12." *Walsh* v. *Walsh,* 190 Conn. 126, 132, 459 A.2d 515 (1983).

There is no error.

In this opinion the other judges concurred.