[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT OR FORA REMITTITUR
The plaintiff instituted the present action alleging that he was employed by the defendant under an oral agreement which contained various provisions, to wit: (1) an agreed upon employment for a period of one year at a stated salary; (2) 20 percent of the common stock of the defendant corporation; (3) payment to the plaintiff for rent of a machine owned by the plaintiff and utilized by the plaintiff in his business; and (4) an agreement to provide the plaintiff with sufficient working hours in order for the plaintiff to process work of his own and retain the proceeds of that work. The plaintiff claimed that he was wrongfully terminated from his employment and that he sustained damages because of the failure of the defendant to fulfill the contractual agreements set forth above.
At the time the plaintiff was terminated from his employment, his machine was located on the defendant's property and the plaintiff requested a return of the machine. At that time, the defendant claimed that the plaintiff owed it money for work it had performed on behalf of the plaintiff and refused to return the machine. The plaintiff therefore claimed that the defendant converted the machine and sought damages therefor. The plaintiff also claimed that the conduct of the defendant violated the Connecticut Unfair Trade Practices Acts (CUTPA), General Statutes § 42-110a et seq.
The defendant denied the plaintiff's claims and asserted a counterclaim seeking funds claimed to be due to it for work performed for the plaintiff and also asserted a claim that it was entitled to recover charges for storing the machine.
At the trial, the plaintiff abandoned the contractual claim for one year's salary but continued to assert contractual claims with respect to the 20 percent common stock interest, the rental of the machine, and the failure of the defendant to provide him with an opportunity to process his own work. The case was submitted to the jury, together with 20 interrogatories and the jury found that there was an oral agreement; that the defendant agreed to pay to the plaintiff $500 per month for rental of the machine; that that agreement was breached; and that the plaintiff was entitled to damages in the amount of $1,000 for breach of CT Page 1331-QQQ that portion of the agreement. The jury found in favor of the plaintiff with respect to the claim of an oral agreement to allow the plaintiff to perform work on his own business but also found that that agreement was not breached. The jury also found that there was no agreement to provide the plaintiff with a 20 percent stock ownership interest. The jury also found that the defendant converted the plaintiff's machine and assessed damages in the amount of $41,850 and that the conduct of the defendant constituted an unfair trade practice and awarded damages in the amount of $20,000. The jury also found in favor of the defendant on the counterclaim in the amount of $5,398 and that the plaintiff was not liable to the defendant for storage expenses.
The defendant has filed a motion to set aside the verdict asserting: (1) as to the first count (the contractual claims), that the verdict is inconsistent and against the weight of the evidence; (2) as to the third count (conversion), the verdict is inconsistent and the damage award is not based on evidence in the record; and (3) as to the fourth count (CUTPA), the evidence is insufficient to support the verdict and the damage award is not based on evidence in the record.
The defendant and plaintiff both agree that there was an employment relationship with lasted approximately two months. The plaintiff testified in support of the three contractual claims submitted to the jury and the defendant presented contrary evidence with respect to the contractual claims. The plaintiff testified that part of the employment agreement was that the defendant would pay $500 a month toward rental of the machine and that the defendant failed to do so. Accordingly, there was evidence upon which the jury could reasonably find the plaintiff's version as to that particular element to be correct. It is true that the jury did not credit the plaintiff's testimony with respect to the claimed right to 20 percent of the common stock and that the jury further found that there was an agreement that the plaintiff could work on his own business but that that agreement was not breached. However, the jury is not required to accept all the testimony of one witness or accept all of the testimony of opposing witnesses. "The trier is free to accept or reject, in whole or in part, the evidence offered by either party." Leo v. Leo, 197 Conn. 1, 6 (1985). Thus, there was evidence before the jury that there was a contractual arrangement with respect to the $500 per month and that that agreement was breached by the defendant and the fact that the jury rejected other testimony of the plaintiff does not mean that the verdict CT Page 1331-RRR is inconsistent.
The defendant also claims that the verdict on the third count with respect to conversion is inconsistent and the damage award is not based on evidence in the record. The plaintiff testified that when his employment was terminated, he requested that his machine be returned to him and was informed that he owed the defendant money and therefore could not take the machine until the debt was paid. There was further conflicting evidence as to whether or not the plaintiff wanted the machine or did not want the machine. The court, after defining "conversion", instructed the jury, and no exception was taken by either party, that if the defendant was uncertain as to its rights in view of the claim of money owed by the plaintiff, then it would have a reasonable time within which to inquire into such a right and that the defendant would not be liable for conversion unless the jury found that the defendant continued to hold the property beyond the time which was reasonable to allow the defendant to ascertain the true facts. There was clearly evidence of a conversion to support the third count.
The plaintiff claims that because the jury responded to an interrogatory establishing that the plaintiff had abandoned the machine, there is no evidence upon which the jury could base an award of $41,850. The interrogatories submitted to the jury did not request the jury to determine the date of abandonment. The contract between the parties took place in 1987 and the machine was repossessed by the Small Business Administration (SBA) in the summer of 1991. There are a number of points in time between 1987 and 1991 upon which the jury could have found an abandonment by the plaintiff of the machine. There was ample evidence concerning the ability of the plaintiff to have earned money from the machine if he had possession of the machine. Initially, there was a question of a job that the plaintiff claimed was in progress (the defendant claimed that the job had been completed prior to the termination) which would have provided him with $60,000 with very little overhead; the plaintiff himself testified that he could make in excess of $75,000 per year from work that could have been performed on his machine. Other witnesses testified that at later dates they would have been able to give the plaintiff substantial business if he had a machine to perform the required work. In the argument to the jury, plaintiff's counsel asserted that loss of income by the plaintiff amounted to many hundreds of thousands of dollars. There was ample evidence before the jury permitting them to find a conversion and a damage award CT Page 1331-SSS of $41,850.
The defendant's final claim asserts there was insufficient evidence to support a violation of CUTPA and that there was insufficient evidence upon which the jury might award damages for any such violation. The criteria for a determination as to whether a practice is unfair is: "(1) whether a practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, a common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injuries to consumers (competitors or other businessmen)." McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,568 (1984). The wrongful retention of personal property to collect a debt can constitute an unfair trade practice. SeeHalloran v. Spillane's Service Center, Inc., 41 Conn. Sup. 484,499 (1990); William Price Super Tool and Die, Inc. v. Veronneau,5 CSCR 591, 592 (1990). In the present case, there was evidence that the plaintiff and the defendant were competitors for the same business. There was sufficient evidence for the jury to find that there was a violation of CUTPA.
The defendant claims that the award under the CUTPA count is not justified because it would include loss of income which was awarded under the conversion count and thus be a double recovery. There was evidence from the plaintiff that the machine had a value in 1987 of $15,000 to $20,000 and further evidence that a machine in the hands of someone like the plaintiff could have generated income in a multiple of the value of the machine. The jury could well have determined that the machine was not abandoned until the SBA repossessed the machine and that that abandonment was caused by the actions of the defendant since the plaintiff did not have the funds to acquire another machine or the funds to pay off the debts claimed to be owed to the defendant and to the SBA. There was sufficient evidence to award a verdict on the CUTPA count.
Accordingly, the motion to set aside the verdict and/or for a remittitur is denied. A prejudgment remedy may issue in accordance with the agreement between the parties and no fact is to be inferred or implied by such an agreement.
This decision is to be regarded as interlocutory in nature CT Page 1331-TTT and not a final judgment as there are pending motions before the court relating to other aspects of the case. Accordingly, those motions will be assigned for hearing in due course.
Rush, J.