[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on November 25, 1967; therefore, when this matter was returned to court they had been married over 26 years. There are three children issue of the marriage, all of whom have reached their majority.
Both the plaintiff, Mr. Deslauriers, and the defendant, Mrs. Deslauriers, are 48 years of age. They are in good health although Mrs. Deslauriers presently takes antidepressants, and Mr. Deslauriers is an alcoholic who has been in treatment for almost four years.
Both parties are employed on a full-time basis. Mrs. Deslauriers makes just over $30,000 per year, and the court finds that to be her earning capacity. Mr. Deslauriers reports an annual income of $47,500, and he has worked considerable overtime in recent years, raising his income to as high as $58,000 in 1995. He is employed at Pratt Whitney and testified that his prospects for overtime are now extremely limited, and the security of his job is uncertain. Based on the pattern of Mr. Deslauriers' earnings over the last few years, the court finds that he has a present earning capacity of $50,000.
In addition to her one-half interest in the former family home, Mrs. Deslauriers has a 401K plan with a present value of approximately $6,500 and an IRA with an approximate value of $1,000. Besides his one-half interest in the former family home, Mr. Deslauriers has his own 401K worth $43,145, a pension with a present value of $26,567 and a savings account at the time of trial in the amount of $2,300. The parties stipulated that the former family home has a fair market value of $85,000. The current equity appears to be approximately $24,000. Neither party has unusual or unusually large liabilities.
The issues between the parties are the type (i.e., lump sum CT Page 5495-GGG v. periodic) and amount of alimony to be paid by Mr. Deslauriers to Mrs. Deslauriers and the equitable distribution of their combined assets.
The court has considered all of the criteria of Sections46b-62, 46b-81 and 46b-82 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherrv. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry,24 Conn. App. 307, 313-14 (1991).
The court's goal in distributing the parties' income and assets after a long-term marriage such as this one is, as far as practicable, to leave the parties with equal resources to make a new beginning in their lives. In this case Mr. Deslauriers has an earning capacity considerably greater than Mrs. Deslauriers, and she lives a life-style that can accurately be described as "frugal". Mr. Deslauriers proposes to close the gap between them by a payment of lump sum alimony in the form of a transfer of his entire 401K savings account in the amount of $43,000. The court finds that this amount would be insufficient to achieve the goal sought because it would not provide for adequate income for Mrs. Deslauriers over an extended period of time. Rather, the court believes that an order of periodic alimony for the remainder of Mrs. Deslauriers life is a more appropriate method to equalize the parties' abilities to generate income for their needs.
Considering the parties' respective earning capacities, and needs, as well as the tax consequences to each party, the court finds that a weekly order of $200 in periodic alimony is called for in this case.
One of the factors to be considered by the court in distribution of the parties' property is their relative contributions to the breakdown of their marriage. As in any CT Page 5495-HHH long-term marriage, both parties have made their contributions. The court finds, however, that the principal cause of the breakdown is the consequences of Mr. Deslauriers' chronic and serious alcoholism. The court must recognize the struggle and courage that it has taken Mr. Deslauriers to come to terms with his disease and seek to overcome it, but it cannot overlook the ravages to Mrs. Deslauriers, their children and their marriage which his continuing conduct during the marriage caused. The court will take this factor into account in distributing the assets of the parties and in making an award of counsel fees so as not to undermine its other orders.
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. The plaintiff shall pay to the defendant as periodic alimony the sum of $200 weekly until the death of either party or until the remarriage of the defendant.
2. The plaintiff shall maintain a life insurance policy in the face amount of $50,000 with the defendant as a primary irrevocable beneficiary, and he shall provide to the defendant annual proof that the policy remains in effect, and that she remains the beneficiary thereof.
3. The plaintiff shall quitclaim all of his right, title and interest in the property at 78 Joseph Street, Waterbury, to the defendant within 30 days hereof, and thereafter she shall be solely responsible for the mortgage and all other costs and expenses of maintaining that property, and she shall save the plaintiff harmless and indemnify him from liability thereon. The defendant shall maintain possession and ownership of all of the existing household appliances, furniture and furnishings, except for items of personalty that belong to the plaintiff and have yet to be removed from the former family home. Those items shall be removed by the plaintiff within 30 days hereof, with prior notice to the defendant and at a time that is mutually convenient for the parties.
4. Upon the retirement of the plaintiff or upon the CT Page 5495-III defendant's election to begin receiving benefits at an earlier date on or after the plaintiff's earliest retirement age under his present pension plan, the defendant shall receive from the plan a monthly benefit equal to 50% of the monthly benefit accrued by the plaintiff as of the date of dissolution. Said payment shall be made directly to the defendant by the plan for her lifetime. To the extent permitted by the plan, the defendant shall be considered a spouse for the purpose of receiving any survivor or death benefits in the event the plaintiff dies prior to or after his retirement, but only to the extent of her proportionate share stated as above. Counsel for the defendant shall prepare a QUADRO or QUADRO-like instrument acceptable to the plan to effect the court's order. The court retains jurisdiction for the purpose of approving said instrument or resolving any questions pertaining to its order.
5. Provided that the plaintiff's 401K plan permits immediate distribution, he shall transfer to the defendant by way of a qualified domestic relations order or other acceptable document $15,000 within 60 days hereof. The court retains jurisdiction to approve any QUADROS or other documents necessitated by this order and to make any alternate orders necessary to effect its intent.
6. All other assets shown on the parties' respective financial affidavits at the time of trial shall be theirs without claim by the other party. Each party shall be responsible for payment of the liability shown on his or her financial affidavits at the time of trial, and shall indemnify and hold the other party harmless from any liability thereon.
7. Each party shall be responsible for providing his or her own health insurance and paying his or her own unreimbursed and uninsured medical expenses.
8. Plaintiff shall pay one-half of the appraiser's fee, and he shall pay to the defendant as a contribution to counsel fees the sum of $1,500 within 60 days hereof.
SHORTALL, J.