[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit first came to this Court by a Complaint dated February 19, 1997 and returnable March 18, 1997 seeking a dissolution of the marriage of the parties, alimony and an equitable distribution of the marital assets.
The Defendant appeared by counsel on March 19, 1997.
The Defendant filed a cross complaint on July 17, 1997 asking CT Page 13424 for the same relief as the Plaintiff.
On September 10, 1997 the Court, Solomon, J., entered an order requiring the Defendant to pay temporary alimony of $75.00 per week.
On September 10, 1997 the Court, Solomon, J., entered certain orders regarding the real estate residence of the parties.
The matter came on for hearing before the Court on November 26, 1997. Both of the parties and their respective counsel were present throughout the proceedings.
The Court makes the following findings of fact.
The parties were united in marriage on July 3, 1971 in Colchester.
Both parties have resided in Connecticut for more than 12 months before the instant hearing.
The marriage of the parties has irretrievably broken down:
The Plaintiff lived with the Defendant for five years before they were married.
In late 1971 the Plaintiff filed for divorce, but the matter was not pressed to a conclusion.
There were problems in the marriage early on due to the Defendant's use of alcohol.
Before the marriage, in 1968-69, the Defendant struck the Plaintiff and broke her nose.
On one occasion the Defendant smashed a 27-gallon aquarium and threatened the Plaintiff with an ax.
Defendant had a girlfriend to whom he gave gifts. Three years ago Defendant met a friend on C.B. radio to whom he gave exotic gifts.
The parties separated in February 1997 when the Plaintiff left the home and went to her daughter's home for four days, then to a friend's home for three weeks. CT Page 13425
Plaintiff is age 54.
Plaintiff presently resides with her employer, Mr. Dunn, whose wife passed away on September 24, 1996.
Plaintiff had known the Dunns for a long time. Plaintiff lives at the Dunn residence rent-free and does laundry, cooking and yard work. The only residents at the Dunn home are the Plaintiff and Mr. Dunn.
Plaintiff and Defendant had three children issue of this union.
In 1977, Plaintiff worked at the Camelot Nursing Home for one year.
Plaintiff then went to Mitchell College to work as a custodian.
Plaintiff also worked for Canterbury Villa as a nurse's aide, did some private caretaking, worked at Rite Aide Pharmacy for a year, worked for AP for the period 1990-1996 as a cashier until the store closed.
Plaintiff used her earnings to assist with the family, clothing and food.
Plaintiff is now unable to do many kinds of work due to her medical condition.
Plaintiff receives ongoing treatment from Dr. Crabbe for depression.
Plaintiff is also treated by Dr. Kirsch.
Plaintiff has had diabetes since 1969, injects herself daily and is under the care of Dr. Park.
Plaintiff has circulatory problems with her feet.
Plaintiff has health insurance coverage until March 1998. Thereafter, projected monthly cost of health insurance is $210.00 to $246.00, plus a principal payment and three-month waiting period. CT Page 13426
The real estate of the parties has been appraised at $71,500.00.
A mortgage in the amount of $55,000.00 was put on the property in 1995 when the Defendant decided to build a garage.
The garage includes a hydraulic lift and a compressor.
No testimony was elicited as to whether the lift is a fixture.
The Defendant owns a Harley Davidson motorcycle valued at $6,000.00.
Plaintiff in 1993 inherited $5,000.00 from her father with which she purchased a car and stereo equipment.
Plaintiff later inherited $7,000.00 from her mother and used these funds for ongoing family expenses.
The Defendant has been sober for the last 14 years.
The Defendant has been disabled since 1984 when he sustained a back injury while working as a carpenter-welder.
His disability was determined to be 30%.
Defendant started receiving workmen's compensation in 1984.
The Defendant is age 57. He is required to take some medication.
The Defendant was formerly a member of the Carpenters' Union and will receive pension benefits at age 65.
The pension, when payable, will be $318.00 monthly.
Mr. Dunn pays for the Plaintiff's present health insurance, her food and all allied needs.
The Defendant assisted in raising not only his three children, but another child that was in the home.
The parties have owned the subject real estate for 31 years. CT Page 13427
Due to the presence of bone spurs in his back, the Defendant's medical condition does not lend itself to surgery.
There has been no physical violence in the home since the Defendant went sober 14 years ago.
Some considerable time ago, the Defendant received $110,000.00 as a settlement for a knee injury. These funds have apparently been dissipated.
When Defendant first sustained the injury to his back, he was desirous of moving to a warmer climate, but the Plaintiff refused.
The Defendant has tried to secure Social Security benefits due to his condition, but has been turned down three years ago.
Defendant has been examined by Social Security physicians.
The Defendant does volunteer work for Care and the Red Cross.
The Defendant's medication is codeine and transeine for pain.
The parties separated in January 1997.
THE EXHIBITS
The real estate appraisal concerning 4 Pacific Street, New London values the property at $71,500.00.
See Plaintiff's Exhibit 7. With the mortgage of $67,000.00, the equity is modest.
Ruth D. Kirsch, CISW, BCD, has treated the Plaintiff for depression.
See Plaintiff's Exhibit 2 which contains a detailed statement.
Henry F. Crabbe, Phd M.D., has treated the Plaintiff since May 23, 1990. Plaintiff diagnosed as having major Depressive Disorder. Current medication is Wellbutrin SR. See Plaintiff's Exhibits 3 and 4 and 1. CT Page 13428
Darren J. Courtright, DPM, AACFAS, has treated the Plaintiff for multiple foot problems. See Plaintiff's Exhibit 5.
Pension Appraisal Services Associates has valued the Defendant's Connecticut Carpenters' Pension Fund benefits to be "Present Value of Accrued Benefit — immediate retirement $49,948.00 — retirement at age 65, $27,708.00." See Plaintiff's Exhibit 9.
Plaintiff's financial affidavit shows income of $75.00 and monies from Mr. P. Dunn with whom she resides of $75.00 weekly. In her testimony, the Plaintiff represented she received no cash from Mr. Dunn.
Plaintiff's financial affidavit discloses that she owes Mr. Dunn $7,000.00 ±. Defendant's financial affidavit reflects debts totaling $15,697.92.
Defendant's current income is shown as $462.00 weekly. His weekly expenses as $519.35.
This is the second marriage for each of the parties.
Both parties' education extended through completing high school. (See the health form.)
THE LAW
Alimony (C.G.S. § 46b-82)
In lieu of or in addition to assignments under C.G.S. § 46b-81, the court may order periodic alimony to either party. C.G.S. § 46b-82. The purpose of alimony is "not to punish the guilty, but to continue the duty of support to one legally abandoned." Tobey v. Tobey, 165 Conn. 742, 748 (1974).
In ordering alimony, the court shall be guided by the factors enumerated in C.G.S. § 46b-82.
(a) the length of the marriage;
 (b) the causes of the annulment, dissolution, or separation;
(c) the age, health, station, occupation, CT Page 13429 amount and sources of income, employability, estate, and needs of each of the parties;
 (d) the award, if any, of property which the court may make, pursuant to C.G.S. § 46b-81; and
 (e) the desirability of the parent awarded custody of the minor children securing employment.
Leo v. Leo, 197 Conn. 1, 5 (1985). In determining alimony under C.G.S. § 46b-82, therefore, the court must weigh the station or standard of living of the parties in light of the above statutory factors. Blake v. Blake, 207 Conn. 217, 232 (1988).
DISCUSSION
This is a marriage of 26 years with the parties residing together for five years before the marriage.
Manifestly, there are medical problems that beset both the Plaintiff and the Defendant.
While the marriage admittedly has been a difficult one, particularly in the early years, the Defendant has been sober for the last 14 years and there have not been any instances of physical violence during that timeframe.
Plaintiff's residency with Mr. Dunn causes the Court some concern as the relationship suggests more than an employer-employee relationship.
The Defendant being disabled and receiving workmen's compensation, and mindful of his age, has a bleak future.
The Plaintiff, mindful of her medical problems and her age, also has a difficult future in prospect.
The financial resources of the parties are extremely limited.
The Court enters the following orders.
A decree of dissolution on the grounds of irretrievable breakdown may enter and the parties are declared to be single and unmarried. CT Page 13430
The Defendant shall pay the Plaintiff the sum of $150.00 a week as periodic alimony for a term of ten years to be terminated earlier only in the event that the Plaintiff, dies, remarries or cohabits.
The Plaintiff shall be entitled to 50% of the defendant's pension benefits with the Carpenters' Union at such time as the same is available to the Defendant.
The real estate known as 4 Pacific Street shall continue to be listed for sale at a price agreed on by the parties, and at time of sale, after the payment of all debts and obligations and expenses, the net proceeds shall be equally distributed to each, 1/2 to the Plaintiff, 1/2 to the Defendant.
The testimony indicated that the Plaintiff has taken the items of personally, furnishings, etc., that she desires and that all items have been made available to her.
There was no evidence presented to the Court on whether the hydraulic lift incorporated into the garage was a fixture or not, and the Court enters no order incident thereto.
The compressor in the garage may be sold on the best terms available and the proceeds equally apportioned between the Plaintiff and Defendant.
The Defendant may retain his motorcycle as it is his only means of transportation, the 1984 Chevy truck being junk.
The Defendant may retain his tools.
The Defendant may retain the 16-foot bass boat.
Although admittedly the monies went to pay the mortgage to avoid foreclosure, the Court finds the Defendant to be in arrears for five weeks at $75.00 per week as concerns the pendente lite alimony order.
Total $375.00 to be paid off at the rate of $10.00 per week.
The Defendant shall be responsible for the following debts only:
Radio Shack CT Page 13431
Discover Card
MBNA and
Home Depot.
There are no funds available or apparent to the Court insofar as attorneys' fees are concerned, and therefore each party shall be responsible for their own counsel fees.
Austin, J.