## Henry Debowsky *v.* Gertrude Debowsky
### (5294)

Dupont, C. J., Spallone and Bieluch, Js.

Submitted on briefs September 1—decision released October 27, 1987

*Elizabeth Allen* filed a brief for the appellant (plaintiff).

*David M. Askinas* filed a brief for the appellee (defendant).

Per Curiam. The plaintiff husband brought this action against the defendant wife, seeking a dissolution of their forty-two year marriage, a division of the marital assets, and alimony. The defendant filed a cross complaint requesting similar relief. The trial court found for the defendant on the complaint and cross complaint, adjudged the marriage dissolved on the ground of irretrievable breakdown, and declared that those assets held in the defendant's name would remain the sole property of the defendant and those assets held in the plaintiff's name would remain the sole property of the plaintiff. No alimony was awarded to either party.

On appeal, the plaintiff claims that the trial court abused its discretion in not awarding alimony or any part of the defendant's assets to the plaintiff in light of the evidence adduced at trial concerning the plaintiff's ill health and unemployability.

Pursuant to General Statutes § 46b-81, a trial court in a dissolution action has the discretion to assign to either spouse all or any part of the property owned by the other spouse. See *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982). Pursuant to General Statutes § 46b-82, a trial court has similar discretion to award alimony to either spouse. These statutory provisions for the award of alimony and assignment of property are permissive, not mandatory. Such awards rest in the sound discretion of the trial court and will not be interfered with unless it appears that such discretion has been abused. *Thomas* v. *Thomas,* 159 Conn. 477, 480, 271 A.2d 62 (1970); *Bielan* v. *Bielan,* 135 Conn. 163, 168, 62 A.2d 664 (1948).

A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982); see *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 979 (1986). It is evident from the record that the trial court properly considered the statutory criteria enumerated in General Statutes §§ 46b-81 and 46b-82. The trial court also specifically found that the plaintiff was the sole cause for the dissolution of the marriage and that the plaintiff had made no financial or moral contribution to the marriage. These findings have support from the evidence adduced at trial. Furthermore, the trial court concluded that the need to protect the assets of the defendant was a compelling one. This conclusion also finds its support in the evidence.

The trial court is not obligated to make express findings on each of the statutory criteria. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). Also, the trial court is not required to give equal weight to each of the specified criteria it considers in determining an award. While a trial court must consider all

statutory criteria for property division and alimony, no single criterion is preferred over the others, and the court has wide latitude in varying the weight placed on each criterion under the circumstances of each case. *Carpenter* v. *Carpenter,* supra, 740–41. Where, as here, the trial court considered all mandatory factors in reaching its decision, this court on appeal may not vary the weight which the trial court placed upon the various factors in reaching its determination. *Kinney* v. *Kinney,* 5 Conn. App. 484, 487, 500 A.2d 569 (1985), cert. denied, 199 Conn. 804, 506 A.2d 146 (1986).

There is no error.