ATTILIO DEVELLIS *v.* MARIA DEVELLIS
(6013)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued April 13—decision released June 10, 1988

*Edward L. Cleary,* for the appellant (defendant).

*Vito A. Castignoli,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the judgment dissolving her marriage to the plaintiff, challenging the trial court's award of lump sum alimony and its refusal to order an award of periodic alimony.

The court dissolved the parties' marriage and awarded sole custody of their minor child to the plaintiff, with reasonable visitation rights in the defendant. The court awarded to the defendant the marital home, valued at $225,000 at the time of the dissolution, subject to a mortgage of approximately $10,000.[1] The court also awarded the defendant lump sum alimony of $4125,[2] but did not award any periodic alimony to her. The trial court ordered that all real property in the plaintiff's name remain his property, together with all stocks, bonds and insurance policies. The plaintiff was ordered to pay the defendant's counsel fees in the amount of $1500, and all joint debts of the marriage.

The defendant argues that the trial court could not reasonably have applied the criteria in General Stat-

[1] In its memorandum of decision, the trial court stated that the amount of the mortgage was "approximately $1000." The plaintiff's financial affidavit and the uncontroverted testimony at trial, however, showed the actual amount of the mortgage to be approximately $10,000. Neither of the parties moved for a correction or an articulation of the $1000 figure stated by the trial court. It is not known, therefore, whether the $1000 figure was the result of a clerical error or the erroneous belief of the trial court.

[2] The trial court awarded to the defendant, by way of lump sum alimony, one half of all bank accounts held jointly with the plaintiff. Her share amounted to $4125.

utes § 46b-82³ so as to deny her periodic alimony because (1) the parties had been married for twenty years, (2) no fault had been attributed to the defendant wife for the irretrievable breakdown of the marriage, (3) the plaintiff is in good health, whereas, the defendant is disabled by a deteriorating state of mental illness, and has a conservator to care for her person and to manage her estate, (4) the plaintiff is employed full time as a union carpenter and enjoys a good income, whereas, the defendant has been unemployed since 1979 with the onset of her illness and remains unemployable because of her illness and the expectation that her condition will worsen, (5) the plaintiff has income producing assets, whereas, the defendant does not, and (6) the trial court materially tainted its entire decision in this matter by erroneously concluding that the mortgage balance on the family home was only $1000 rather than the actual amount of $10,000. See footnote 1, supra.

The defendant also argues that the trial court abused its discretion in failing to award, as lump sum alimony, any funds from certain bank accounts because, although title to the funds is not in her name, the accounts con-

---

³ General Statutes § 46b-82, which governs a determination of alimony, provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

tain joint marital property to which she made contributions.[4]

Pursuant to General Statutes § 46b-82, a trial court has discretion to award alimony to either spouse. This statutory provision is permissive not mandatory. A trial court may exercise broad discretion in awarding alimony as long as it considers all relevant statutory criteria. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982); *Debowsky* v. *Debowsky,* 12 Conn. App. 525, 526, 532 A.2d 591 (1987). In its memorandum of decision, the trial court asserted that, in rendering its financial orders, it was fully cognizant of the statutory criteria enumerated in General Statutes § 46b-82. There is nothing in the record on appeal that contradicts the conclusion that the trial court properly considered all mandatory statutory criteria.

On both of her claims of error, the defendant seeks on appeal to have this court hold that the trial court abused its discretion in applying the statutory criteria to the facts as set out in her brief. We cannot. The trial's court's memorandum of decision is very brief. We cannot say that the trial court's conclusions concerning its financial orders were illogical and inconsistent with the facts it found when we do not have a complete record of the facts as found by the trial court. It was incumbent upon the defendant as the appellant

---

[4] Although the standards by which the courts determine an assignment of property and awards of alimony are almost the same, the one characteristic which distinguishes a property assignment from an award of alimony is the court's duty, pursuant to subsection (c) of § 46b-81, to consider the "contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." See *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975). Courts must consider both of the parties' monetary and nonmonetary contributions in making its distribution of the parties' assets. *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 306–307, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). That consideration is not a mandatory factor under General Statutes § 46b-82 alimony provision.

to supply this court with an adequate record with which to review her claims. *Carpenter* v. *Carpenter,* supra, 739 n.2; *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). It was her burden, therefore, to seek an articulation of the trial court's decision as to the relevant facts it found and the underlying reasons for it. Without a showing that the trial court incorrectly applied the law or could not reasonably have concluded as it did, we cannot reverse the court's rulings with regard to its financial orders. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985); *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 302, 540 A.2d 374, cert. denied, 207 Conn. 806, 536 A.2d 978 (1988).

The trial court could reasonably have concluded as it did. The court awarded to the wife the marital home, the most significant asset of the marriage. It is irrelevant that this court, if deciding the case de novo, might reach a different result. "The trial court is not obligated to make express findings on each of the statutory criteria. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). Also, the trial court is not required to give equal weight to each of the specified criteria it considers in determining an award. While a trial court must consider all statutory criteria for property division and alimony, no single criterion is preferred over the others, and the court has wide latitude in varying the weight placed on each criterion under the circumstances of each case. *Carpenter* v. *Carpenter,* supra, 740–41. Where, as here, the trial court considered all mandatory factors in reaching its decision, this court on appeal may not vary the weight which the trial court placed upon various factors in reaching its determination. *Kinney* v. *Kinney,* 5 Conn. App. 484, 487, 500 A.2d 569 (1985), cert. denied, 199 Conn. 804, 506 A.2d 146 (1986)." *Debowsky* v. *Debowsky,* supra, 526–27.

There is no error.