COLIN BRASH *v.* ELIZABETH ANN BRASH
(7318)

O'CONNELL, NORCOTT and FOTI, Js.

Argued October 11, 1989—decision released January 30, 1990

*Diane Atkins Sikorsky*, with whom, on the brief, was *Claudia J. Triggs*, for the appellant (defendant).

*Howard M. Gould*, with whom was *Patricia Gillin*, for the appellee (plaintiff).

Foti, J. The defendant appeals from the judgment rendered in an action for the dissolution of her marriage, claiming the trial court erred (1) in entering its alimony award, (2) in limiting cross-examination concerning the plaintiff's financial affidavit, (3) in excluding a deposition as evidence, (4) in distributing the property between the parties as it did, and (5) in failing to make its order in compliance with General Statutes § 46b-84 (c). We find error as to the final issue only.

The parties were married in Massachusetts on May 20, 1979. They are the parents of two minor children, a son, born March 12, 1980, and a daughter, born May 14, 1982. The plaintiff is college educated and is now the sole proprietor of an architectural drafting business that had been in existence for five years at the time of the dissolution. The defendant attended college for less than one year. Her only employment was at unskilled, low paying jobs some nine years before the dissolution, and her primary responsibility during the course of the marriage was the care of the parties' two children.

The major asset of the parties was a jointly held parcel of undeveloped land in Lyme, originally purchased

for $15,500, and valued at between $250,000 and $265,000 at the time of the dissolution. The parties had a liability of $55,000 against the land and $31,000 in other debts.

The court ordered joint custody of the parties' two minor children who are to make their primary residence with the defendant. The plaintiff was ordered to pay $100 per week per child in child support and $100 per week in time limited alimony limited to a period of three years and nonmodifiable in amount or duration. The court also ordered that the Lyme property be sold, and that the parties debts, excluding a $25,000 business debt that was assessed to the plaintiff, be paid out of the proceeds of the sale. The court awarded 75 percent of the net equity to the defendant and 25 percent to the plaintiff. The plaintiff and the defendant were each ordered to pay one-half of any federal tax liability resulting from this sale.

The plaintiff was also ordered to maintain health insurance for both the defendant and the children, to pay all unreimbursed health and dental expenses, and to pay $2000 to assist the defendant in obtaining a new place to live.

The defendant's first claim is that the trial court erred in its award of alimony. She bases that claim on the court's failure to consider all of the statutory criteria under General Statutes § 46b-82,[1] its failure to consider

[1] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station,

evidence regarding the plaintiff's income and its award of limited and nonmodifiable alimony. The defendant claims that the court erred when it found no fault and failed to consider either the age, health, occupation, vocational skills or the estate and need of the parties. She asserts that the court applied only one of the specified criteria, namely her employability, in arriving at its conclusion.

"The well settled standard of review in domestic relations cases is that the reviewing court will not disturb a trial court order unless there has been an abuse of discretion or unless the finding of the trial court has no reasonable basis in the facts." *Rose* v. *Rose,* 10 Conn. App. 391, 393, 523 A.2d 914 (1987).

"On appeal, the defendant bears the burden of proving to this court that the trial court did not consider the proper criteria in awarding [alimony]." *Mihalyak* v. *Mihalyak,* 11 Conn. App. 610, 620, 529 A.2d 213 (1987). A judge is presumed to have performed his duty properly unless the contrary appears. See *Cahill* v. *Board of Education,* 198 Conn. 229, 242, 502 A.2d 410 (1985).

A trial court must consider a number of factors in making an alimony award. Further, it may excercise broad discretion in considering the statutory criteria enumerated in § 46b-82. *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 312–13, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).There is no requirement, however, that the trial court recite each of the statutory factors in its decision; *Mihalyak* v. *Mihalyak,* supra, 619; *Benson* v. *Benson,* 5 Conn. App. 95, 100, 497 A.2d 64 (1985); or give equal weight to each of the statutory

occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

criteria. *DeVellis* v. *DeVellis,* 15 Conn. App. 318, 322, 544 A.2d 639 (1988). "A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony . . . as long as it considers all relevant statutory criteria. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982); *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 979 (1986)." *Debowsky* v. *Debowsky,* 12 Conn. App. 525, 526, 532 A.2d 591 (1987).

The defendant in this case has failed to demonstrate to this court that the trial court did not consider the relative financial situations of the parties and other criteria enumerated in § 46b-82 before awarding alimony. In addition, our review of the record discloses no such failure by the trial court.

The defendant further claims that the trial court erred in failing to follow the appropriate standard in finding that the plaintiff's net income was $671.33 per week. She argues that the court misapplied the term "sources of income" found in General Statutes § 46b-82 by failing to find that it means all income available to the plaintiff. She claims that the court's exclusive reliance on the plaintiff's financial affidavits and its exclusion of his accounts receivable and his ability to collect payments from these accounts was error. We do not agree.

The record discloses that the court determined that the accounts receivable were not available, and that the plaintiff could neither accelerate nor defer his receipt of income from these accounts.

"The weight to be given the evidence and the credibility of the witnesses are within the sole province of the trial court, which had the unique opportunity to view the evidence presented in a totality of circumstances." *Broderick* v. *Broderick,* 20 Conn. App. 145, 147–48, 565 A.2d 3 (1989). "In a determination as to

whether the trial court could reasonably conclude as it did on the basis of the evidence before it, every reasonable presumption should be given in favor of the correctness of its action. *Gallo* v. *Gallo,* 184 Conn. 36, 44–45, 440 A.2d 782 (1981); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 855 (1975). The trial court's decision may be disturbed on appeal only when there has been an abuse of discretion. *Seymour* v. *Seymour,* 180 Conn. 705, 709, 433 A.2d 1005 (1980)." *Weinstein* v. *Weinstein,* 18 Conn. App. 622, 625, 561 A.2d 443 (1989). We find no such abuse of discretion in this case.

The defendant further claims that the court erred in determining the duration of the alimony awarded. When the court awarded the defendant alimony, it correctly considered all of its orders as a cohesive unit. From a weekly net income of $671.73, the plaintiff was ordered to pay child support in the amount of $200 per week, as well as medical expenses for the defendant and the parties' two children. The court was also aware that the plaintiff had weekly payments on family debts in the amount of $310. By making these orders and awarding $100 per week alimony, the court accounted for $610 of the plaintiff's $671.33 weekly income. The court also determined the distribution of the proceeds from the sale of the property by considering the equitable position of each party. The defendant had requested alimony of $150 per week for a period of at least five years. The court did not abuse its discretion by awarding nonmodifiable alimony of $100 per week for three years; the award is not logically inconsistent with the facts presented; *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 160, 468 A.2d 1253 (1984); and therefore the award should be upheld.[2]

---

[2] This case is easily distinguished from our recent decision in *Roach* v. *Roach,* 20 Conn. App. 500, 507, 568 A.2d 1037 (1990), and *Watson* v. *Watson,* 20 Conn. App. 551, 556, 568 A.2d 1044 (1990), in that here the trial court's decision was logically consistent with its findings of fact.

The defendant's second and third claims on appeal were not properly preserved at trial. First she claims that the court erred in refusing to allow her to examine the plaintiff's financial affidavit or to read the list of debts it contained into the record during cross-examination of the plaintiff, to demonstrate that he had not substantially reduced his debt during the period between the pendente lite hearing and the trial. When the court commented, "Let's go on to another matter," the defendant did not note an exception but proceeded with her cross-examination. Four days later, the defendant took an exception to the court's earlier action. The court ruled that that exception was made too late.

The defendant's second unpreserved claim is that the court erred in its refusal to allow her to read a deposition of a witness, who was not shown to be unavailable, into the record during cross-examination of the plaintiff. The plaintiff objected claiming that she had not received proper notice of the deposition and that it was hearsay. The court sustained his objection. Once again, the defendant failed to take an exception, although lengthy argument was made as to the purpose of the offer. When the court inquired, "Why don't you call the [witness] in?" the defendant's reply was: "I may have to do that." Nothing further transpired and the witness was not called.

Unless a claim is distinctly raised at trial or is plain error, this court is not bound to consider it. Practice Book § 4185. We, therefore, decline to review these unpreserved claims.

The defendant next claims that the court erred in finding that the plaintiff's business had no fair market value. Evidence was presented at trial showing that the plaintiff's company had one primary client that supplied over 90 percent of his business, and that that

account was neither transferrable nor assignable. The evidence demonstrated that the business could not be sold and if the plaintiff moved or changed occupations, he would be forced to close his business. The court found that because it could not be sold, the business had no fair market value. Although the defendant presented an expert witness who testified as to the value of the business from an income approach as opposed to its lack of a fair market value, the court, as the trier of fact, was free to give that evidence whatever weight it saw fit. See *Broderick* v. *Broderick,* supra. Such a determination raises a question of fact. "Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." *Gallo* v. *Gallo,* supra, 38. From the evidence presented, we conclude that the trial court could reasonably have found as it did.

The defendant next claims that the court erred when it decided the distribution of the proceeds from the Lyme land. The court ordered that 75 percent of the proceeds from the sale of the land would be awarded to the defendant, and that each of the parties must pay 50 percent of the taxes associated with the sale. The court further ordered that $25,000, determined by the court to be the plaintiff's debt, should not be paid from the proceeds of the land sale. While the amount of equity remaining on the land may be questionable, it is clear that the defendant received a fair share of the proceeds from the sale of the land. We recognize that "[t]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* supra, 585. There is no inequity, however, in an order that does not award the defendant 100 percent of the land. We conclude that the court acted equitably and did not abuse its discretion in ordering the division of this asset.

The defendant's final claim is that the court erred because its order with respect to the children's health insurance did not comply with General Statutes § 46b-84 (c).[3] We agree.

The court awarded joint custody of the children and ordered that their primary residence be with the defendant. The plaintiff was ordered to maintain health insurance for the defendant and the children, and to pay all unreimbursed health and dental costs for the children. No order was made, however, that the signature of the custodial parent shall constitute a valid authority for the payment of these insurance benefits as is required by § 46b-84 (c). Without such an authorization, the court's award of insurance benefits is of no benefit to either the children or the defendant. We find, therefore, that the trial court erred in its failure to order that the defendant's signature be sufficient to authorize medical insurance coverage for the health care of her children.

Although the defendant failed either to object or to raise this issue at trial, and failed to move to open or correct this portion of the court's order, we will review this claim under Practice Book § 4185 which provides in pertinent part that an appellate court "may in the interest of justice notice plain error not brought to the attention of the trial court." This rule of practice has been applied where this court's action is in the interest of public welfare or of justice between individuals.

[3] General Statutes § 46b-84 (c) provides in pertinent part: "At any time at which orders are entered in a proceeding for dissolution of marriage, annulment, legal separation, custody, or support, whether before, at the time of, or after entry of a decree or judgment, if health insurance coverage for a minor child is ordered by the court to be maintained, the court shall provide in the order that (1) the signature of the custodial parent of the insured dependent shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services or to the custodial parent . . . ."

*Persico* v. *Maher*, 191 Conn. 384, 403–404, 465 A.2d 308 (1983). In the present case, it is essential that the defendant's signature must be recognized as an authorization to initiate insurance benefits for herself and her children. Without this order she is left with the option of going without health care or assuming the burden of payment for these services herself. This negates the court's insurance order. We therefore remand to the trial court with instructions to add the mandates of General Statutes § 46b-84 (c) to the order of insurance payments.[4]

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the provisions of General Statutes § 46b-84 (c) shall be made part of that judgment.

In this opinion the other judges concurred.

---

[4] We recognize that our Supreme Court has stated that when one financial order is remanded for further action all of the court's financial orders must be reviewed collectively on remand because the rendering of financial orders in a dissolution case "is a carefully crafted mosaic, each element of which may be dependent on the other." *Sunbury* v. *Sunbury,* 210 Conn. 170, 175, 553 A.2d 612 (1989). It is not necessary in this case to remand all financial orders with our finding of error, however, because further action by the trial court does not change the financial responsibility of the parties, but merely allows for the practical application of an order that has already been rendered by the court.