JULIANN MILLER *v.* JOHN PETER MILLER ET AL.
(8459)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 11—decision released July 10, 1990

*Robert P. Hanahan,* for the appellant (named defendant).

*Dianne M. Anderson,* with whom, on the brief, were *Melissa A. Grauel* and *Lynne D. Jackson,* for the appellee (plaintiff).

FOTI, J. The named defendant[1] has appealed from a judgment of dissolution of marriage, attacking certain of the financial orders contained in the judgment.[2] We affirm the trial court's judgment.

The plaintiff and the defendant were married in Danbury on February 27, 1954. They lived together for about twenty-four years of their thirty-five year marriage, and have one adult daughter. When the plaintiff and the defendant married they were both employed. In 1968, fourteen years after their marriage, the defendant asked the plaintiff to discontinue her employment outside of their home. She agreed, but continued to pursue a sewing business at home to earn extra money.

In 1959, they jointly purchased a family residence in Brookfield that has a current equity of $175,000. In 1978, the couple applied the plaintiff's retirement fund toward the purchase of a three-family house in Dan-

---

[1] The named defendant's brother, Robert T. Miller, was also a defendant in this action because the plaintiff alleged a fraudulent conveyance of assets by the named defendant to his brother. Robert T. Miller has not appealed. For purposes of this appeal, only John Peter Miller will be referred to as the defendant.

[2] A further claim on appeal that the trial court should not have granted the plaintiff an allowance to defend the appeal was withdrawn at oral argument.

bury that also has a current equity of $175,000. In addition, the defendant and the plaintiff owned a one-half interest in a cottage in Rhode Island and four lots in Florida. These properties have current equities of $39,500 and $4000 respectively. The family residence was remortgaged twice to sustain the defendant's business efforts and once to renovate the three-family house.

The defendant was in the retail auto parts business with his brother, Robert, from 1971 to 1987. During this period, the brothers set up two separate corporations with stores in Danbury and New Milford. They were equal shareholders in the business and joint owners of the real estate upon which their stores were located. The brothers also owned a two-family house on land adjoining the Danbury store. The realty owned by the brothers' business has a total equity of $625,000. Although no monetary value could be placed on the brothers' corporations, the trial court found that these auto parts businesses were still viable. The court also found that the defendant regularly and improperly took money from the cash drawer of the business.

In 1979, the defendant filed for dissolution. Although he later abandoned that action, he continued to make regular support payments to the plaintiff until 1987, in accordance with pendente lite orders filed therein. In October, 1987, the defendant permanently left Connecticut to reside in Texas with a woman who had borne his illegitimate son. After the defendant left, he no longer contributed to the plaintiff's support.

Shortly before he left this state, the defendant executed two quitclaim deeds that were prepared by an attorney at his brother's direction. These deeds transferred the defendant's 50 percent interest in both of the corporations and the business real estate to his brother. Relying on the fact that these transfers were

made without consideration and on the circumstances surrounding the conveyances, the trial court found, by clear and convincing evidence, that these transfers were fraudulently accomplished in order to deprive the plaintiff of her interest in the marital assets.

The total personal real estate assets of the defendant and plaintiff were valued at $393,500. An equitable one-half interest in the business property amounts to $312,500. Therefore, the total marital assets in real estate amount to $706,000.

The cause of the breakdown of the marriage was assigned to both parties, and neither was awarded alimony. The court awarded the plaintiff the Brookfield residence, the three-family house in Danbury, and the one-half interest in the Rhode Island cottage. This award amounted to $389,500 in real property. The defendant was awarded the four Florida lots. The court also set aside the transfer of the Danbury business property from the defendant to his brother. The court did not choose, however, to set aside the conveyance to the defendant's brother of either the corporate stocks or the New Milford business real estate. It did, however, order the defendant to pay the plaintiff $125,000 by March 15, 1990. This sum represents an allocation of the marital interest in the business.

The defendant first claims that the court abused its discretion when it assigned a disproportionate share of the marital assets to the plaintiff. The defendant does not challenge the findings of fact. In fact, he concedes that there is sufficient evidence on the record to provide a basis for the findings. He also concedes that the court considered the proper statutory criteria as set forth under General Statutes § 46b-81 (c).[3] He con-

___

[3] Section 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall

tends, however, that the court failed to weigh the criteria and that it failed to set forth its weighing process as part of its memorandum of decision.

"A judge is presumed to have performed [her] duty properly unless the contrary appears." *Brash* v. *Brash,* 20 Conn. App. 609, 612, 569 A.2d 44 (1990). A trial court must consider a number of factors in distributing the assets of the parties, and it may exercise broad discretion in considering the statutory criteria enumerated in § 46b-81 (c). *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 312-13, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). The court need not recite each factor in its decision; *Mihalyak* v. *Mihalyak,* 11 Conn. App. 610, 619, 529 A.2d 213 (1987); or give equal weight to each of the criteria; *DeVellis* v. *DeVellis,* 15 Conn. App. 318, 322, 544 A.2d 639 (1988); or set forth the weighing process employed by the court when considering all relevant statutory criteria. See, e.g., *Brash* v. *Brash,* supra; *Debowsky* v. *Debowsky,* 12 Conn. App. 525, 532 A.2d 591 (1987). It is sufficient that the memorandum of decision "at least reflect a proper consideration and weighing of the factors set forth in the statute." *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989).

The memorandum of decision in this case makes it clear that, contrary to the defendant's claim, the trial court did weigh the statutory criteria, analyze the parties' assets and explain its reasoning. " 'Our case law is clear that a trial court is free to weigh the relevant statutory criteria without having to detail . . . what

consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

importance it has assigned to the various statutory factors. . . .' " *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1987), quoting *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982).

The defendant further claims that the trial court should not have awarded the plaintiff the sum of $125,000 from part of the real estate fraudulently conveyed by the defendant. The defendant concedes that the trial court had the power to set aside the fraudulent conveyance, but argues that the setting of a fixed sum is not the proper remedy. The defendant argues that he no longer has the income to pay this large a sum of money. He suggests that the proper remedy would have been for the court to set aside the conveyances of the corporate stock and the New Milford business property and then award the plaintiff one half of the defendant's one-half interest in these items.

We note initially that the defendant cites no authority for his assertion of improper remedy. We further note that it was the defendant's actions that left him jobless, and it was his fraudulent conveyances that forced the court to fashion relief in the manner it did. It seems incongruous that one who complains about an inequitable resolution himself has not appeared before the court with clean hands, and has caused the very type of award that he now seeks to have disturbed. We agree that the trial court could have fashioned the remedy as suggested by the defendant, but that would certainly have caused the plaintiff additional cost and litigation in an action for partition. The court was mindful that the defendant sought to defraud the plaintiff and clearly could have set aside the remaining real estate conveyance and stock transfers. In fashioning the remedy as it did, however, the court placed the burden precisely where it belonged, that is, on the defendant. If he prefers not to sell or finance the Danbury property, it is clear that the defendant's equity in the

New Milford property alone is sufficient to satisfy his obligation to the plaintiff. The court also considered the fact that the businesses were viable and certainly not valueless.

" 'The well settled standard of review in domestic relations cases is that the reviewing court will not disturb a trial court order unless there has been an abuse of discretion or unless the finding of the trial court has no reasonable basis in the facts.' " *Brash* v. *Brash,* supra. The order here was reasonably based on the facts. There was no abuse of discretion.

This judgment is affirmed.

In this opinion the other judges concurred.