[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Derby, Connecticut on October 12, 1984. The court has jurisdiction in that one party resided in Connecticut continuously for at least one year prior to the commencement of this action.
The parties lived together before their marriage and they are the parents of two children, Carol Palumbo, born July 7, 1982, and James Palumbo, born December 12, 1985. Their marriage has broken down irretrievably and there is no prospect for reconciliation.
A decree of dissolution of marriage shall enter.
The parties stipulated in open court that the plaintiff shall have sole custody of the children. Finding that such custody is in the best interest of the children, the court incorporates that agreement into this order. The defendant shall have reasonable visitation. For so long as the parties reside in different states, the visitation schedule shall be as set forth below. If the parties live in the same state, the defendant shall have such visitation as is reasonable.
Before this action was filed, the parties had decided to move with their children to Florida, but the defendant repudiated this plan at least in part because of the disapproval of his parents, in whose rental property the parties resided throughout their marriage. The interference of the defendant's parents and his deference to his parents' wishes were the major causes of the breakdown of the marriage. The plaintiff went ahead with the plan to move to Florida, CT Page 2156 where she had employment by virtue of a transfer within the telephone company, her employer in Connecticut. Her living expenses and the expenses of child care in Florida are lower than what they would have been had she set up a separate household in Connecticut.
VISITATION The defendant's visitation shall consist of up to two weeks during the summer school vacation and one additional week during other school vacations. In 1990 and alternate years thereafter, that additional week may, at the defendant's option, include Christmas. In view of the circumstances surrounding the plaintiff's move to Florida, the income of the parties and the defendant's demonstrated capacity to increase his income for special purchases, the cost of the defendant's travel to see the children (or to escort them to visit him while the plaintiff deems the children too young to travel unescorted by plane) shall be borne by the defendant. Whenever the plaintiff brings the children to Connecticut, she shall afford the defendant an additional opportunity to visit with them. The defendant shall give the plaintiff reasonable notice of the weeks when he wishes to exercise his right of visitation.
FINANCIAL ORDERS With regard to child support and alimony, the court has weighed the evidence in light of all the statutory criteria set forth in Section 46b-82 and the applicable child support guidelines. The court will not recite its analysis of each factor or the weight accorded each. See Brash v. Brash, 20 Conn. App. 609,612 (1990).
CHILD SUPPORT The defendant has overestimated his tax withholding on his financial affidavit, and the child support guidelines applicable to his proper net income have been applied. The defendant shall pay to the plaintiff child support in the amount of $90.00 per week per child until the child reaches age 18.
ALIMONY The plaintiff has recurrent health problems a a result of the loss of one eye and the sequelae of that loss, and she will require additional surgery, resulting in periods of unpaid disability. Because of the schedule of her employment, her station in life would be reduced to an unrelieved round of work and child care and her ability to fulfill her employment duties will be jeopardized unless she receives additional income to allow her to secure appropriate child care and otherwise attend to her needs after she has contributed to the support of the children. On the basis of these factors and all the additional factors set forth in section 46b-82
C.G.S., the court order the defendant to pay the plaintiff alimony in the amount of $30.00 per week for two years or until she dies, remarries or cohabits. At the end of two years, absent one of these intervening circumstances, the alimony shall be reduced to $1.00 per year and shall cease when the younger child reaches age 18. CT Page 2157
These financial orders shall be subject to a contingent wage execution.
PROPERTY The parties have agreed that the plaintiff shall retain all household furnishings except a television set and vacuum cleaner which the plaintiff shall cause to be released to the defendant. That agreement is incorporated into this order.
COUNSEL FEES The parties shall be responsible for their own counsel fees and costs.
BEVERLY J. HODGSON, Judge of the Superior Court