[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to the above-entitled dissolution action were married at Waterbury on May 4, 1990. The plaintiff had two prior marriages and the defendant, whose maiden name was Linda DeMeir, was married once previously.
The court finds that each of the parties has resided continuously in this state one year next to the filing of the complaint and that personal service of process was made upon the defendant on January 29, 1991. On April 23, 1991, the defendant CT Page 2001 filed an answer and cross-complaint.
Both parties were represented by counsel, were present throughout the (limited) contested hearing, and testified extensively.
The plaintiff is a practicing attorney in the City of Waterbury. He has two minor children by a previous marriage. The defendant also has two children by her prior marriage, one of whom has attained his majority. She was gainfully employed before her marriage to the plaintiff but has not worked during the term of the marriage.
In late 1989 the defendant sold her home and began to live with the plaintiff in a home which he had recently purchased. The proceeds of the sale of her home, in excess of $34,000, along with unemployment compensation payments of about $7,000, were deposited in the plaintiff's trustee account, from which disbursements were made. In most instances disbursements were in payment of renovations and improvements to the plaintiff's home of which he remained sole owner. Apart from expenditures of her own cash assets, some of the improvements to the marital residence were a product of the defendant's own manual labors.
While the exact amount of benefit to the plaintiff in the use of the defendant's moneys is in dispute, the court is persuaded that a substantial portion thereof was beneficially so used.
The defendant, at the plaintiff's urging, vacated the marital premises in January, 1992. She is currently living in a one-room basement apartment with little in the way of furniture. Her financial affidavit reflects no income other than child support payment and no assets. She is heavily in debt.
The defendant's testimony demonstrates that she is a person with some occupational skill, but, despite her efforts, she has been unsuccessful at obtaining employment to the present time.
The plaintiff's testimony and financial affidavit show him to be a practicing attorney with significant weekly income and assets of value. His liabilities are minimal.
In fashioning its orders the court has considered all of the criteria applicable by statute (Sec. 46b-81(c) and 82, Conn. Gen. Stat.); Blake v. Blake, 211 Conn. 485, 497 (1989). As to causation, it is probably accurate to state that neither party is completely without fault. The greater percentage of fault for the breakdown of the marriage, however, rests with the plaintiff who was guilty of physical and emotional acts of cruelty and insensitivity which undermined any prospect of a successful and CT Page 2002 loving relationship.
While reference has been made herein to the contribution of the defendant to the preservation and appreciation in value of the plaintiff's estate (viz., the marital residence), it should be noted that the court is cognizant of the marriage's short duration, the plaintiff having commenced dissolution proceedings less than nine months following the date of marriage. A further recital of the court's reasoning as to these and other statutory criteria is not required; Brash v. Brash, 20 Conn. App. 609,612-13 (1990); and is unnecessary. Carpenter v. Carpenter,188 Conn. 736, 740-41 (1982).
The court finds that the marriage of the parties has broken down irretrievably, and there is no reasonable prospect of reconciliation. Accordingly, a decree of dissolution may issue, and each of the parties is hereby declared to be single and unmarried.
The following orders may enter:
1. The plaintiff shall transfer and distribute to the defendant a lump sum payment of $25,000.[1]
2. The plaintiff shall pay to the defendant for a period of two years from the date hereof periodic alimony in the amount of $100 per week.[2]
3. The plaintiff shall make, or provide assistance to the defendant in making, claims for payment of charges for services to the defendant by health-care providers, all with reference to health insurance coverage provided by the plaintiff to the defendant during the period of the marriage.
4. The plaintiff shall take no action which may jeopardize continued health-care insurance coverage to which the defendant may be entitled as a result of such coverage having been made available by the plaintiff to the defendant during the period of the marriage.
5. The plaintiff shall pay the defendant's reasonable attorneys fees, which are found to be $2,500.[3]
The judgment file is to be prepared by Attorney Arnold M. Potash.
GAFFNEY, J. ENDNOTES