[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The plaintiff has moved to join the parties' adult son, Gary W. Chestone, Jr., as a party defendant. Her motion alleges that he had been given CT Page 5149-JJ $90,000 by the defendant, his father. Indeed, the defendant testified on May 8, 1996 that he had done so shortly before this action was commenced. The motion further alleges that the $90,000 constitutes marital property subject to the court's distribution in this action.
"A trial court generally has broad discretion to permit intervention, pursuant to our statutes . . . and our rules of practice . . . even by those who are not necessary parties to the litigation. Beccia v. Waterbury, 185 Conn. 445, 455 (1981);Lettieri v. American Savings Bank, 182 Conn. 1, 13 . . . (1980);Jones v. Ricker, 172 Conn. 572, 574 . . . (1977)." Salvio v.Salvio, 186 Conn. 311, 324 n. 11 (1982). In Miller v. Miller,22 Conn. App. 310 (1990), the plaintiff-wife joined her brother-in-law as a party defendant, alleging a fraudulent conveyance. This court is aware of one case in which the parties' children were joined by their mother as co-defendants with their father in a dissolution action. Watson v. Watson, 221 Conn. 698, 705 n. 4 (1992).
In the Salvio case, supra, the defendant-wife claimed that certain savings bank trust accounts were beyond the court's jurisdiction because they constituted irrevocable trusts and were owned by the beneficiaries, the parties' two children. After an extensive analysis of the law concerning savings bank trust accounts, the Supreme Court concluded that the parties' children did not have a beneficial interest in those accounts sufficient to require their participation in the dissolution action before the trial court could take jurisdiction of the funds on deposit. Id., 321. "Since [the parties'] children had acquired no legal interest in the funds on deposit, they were not necessary parties for the purpose of establishing the trial court's jurisdiction over those accounts." Id., 324.
In this case, however, the defendant has insisted in sworn testimony that he made an outright gift of the $90,000 in question to his son. "I gave him $90,000 in his name, and they're in his name, his account number, his social security number." See transcript of proceedings of May 8, 1996, p. 12. Given the state of the record to date, therefore, the joinder of the parties' adult son is permitted by our rules of practice and, in this case, may be necessary to allow the court to acquire jurisdiction over the funds transferred by the defendant to his son.
The court believes that the plaintiff may rue the day she CT Page 5149-KK makes of her son a legal adversary, but the law permits it, and the actions of the defendant may have required it. The motion is granted.
/s/ Shortall, J. SHORTALL