[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 18, 1997
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The action was commenced on July 31, 1996. It is alleged in the complaint that the parties were married on January 30, 1969 in Las Vegas, Nevada. The complaint contains no names of issue of the parties.
On April 7, 1997, the plaintiff filed a motion to cite in third-party defendants and to amend her complaint. This motion was granted by the court (Ballen, J.) on May 8, 1997. Service of the Amended Complaint was made on May 16, 1997. Thereafter, in response to a Request to Revise, the plaintiff filed a Revised and Amended Complaint dated July 28, 1997, setting forth three additional counts: one as to the defendant Leonard Napoli, Jr., the defendant's son from a prior marriage; one as to the defendant, The Napoli Family Limited Partnership; and one as to the defendant, The Haverl Miller Limited Partnership. As to CT Page 8483 each of those three third-party defendants, plaintiff alleged that certain transfers which are alleged to have occurred prior to the date of the dissolution action was commenced were made "without consideration and with the intent to remove said interest in Napoli Motors, Inc., from the marital estate so that it would not be subject to the claims of equitable dissolution in the event of the dissolution of the plaintiff and the defendant, Leonard Napoli, Sr., and to otherwise keep it from the plaintiff and her family." The relief requested as to each of the third-party defendants is as follows:
 That the conveyance referred to be set aside and be declared null and void as to the plaintiff so that the property in question is made part of the marital estate for the purpose of equitable distribution.
The defendants in their Motion to Strike have stated that the Second, Third and Fourth Counts of the complaint fail to state a claim upon which relief can be granted. In their memorandum filed with the Motion to Strike, they claim that since the transfers alleged all were made prior to the filing of the dissolution action and without any allegation that either of the parties knew or were aware of any pending dissolution of marriage action that therefore the plaintiff's claims are deficient as a matter of law. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). The court must construe the facts alleged most favorably to the plaintiff. Blancato v. Feldspar Corp. ,203 Conn. 34, 36 (1987). Thus, the court must take the facts alleged in the Second, Third and Fourth Counts in a light most favorable to the plaintiff.
The questions raised by the defendants in their Motion to Strike essentially reduces itself to two:
1. In a dissolution proceeding, is it sufficient to allege that the transfers were made without consideration and with the intent to remove the property from the marital estate so that it would not be available for assignment by the court pursuant to § 46b-81 of the General Statutes?
2. Must the transfers as alleged take place after the CT Page 8484 dissolution action has been instituted or after notice of an actual or imminent action seeking alimony, support, or assignment of property?
The answer to question no. 1 is "yes" and the answer to question no. 2 is "no."
The case of Gaudio v. Gaudio, 23 Conn. App. 287 (1990), answers question no. 1. In Gaudio v. Gaudio at page 308 it is stated as follows:
 "The proper question in this context is whether, after the institution of a dissolution action, the conveyance removed property from the marital estate that would otherwise have been subject to claims of equitable distribution." Citing Derderian v. Derderian, 3 Conn. App. 522 (1985).
Similar language may be found in the case of Tessitore v.Tessitore, 31 Conn. App. 40 at 42 (1993).
As to question no. 2, the transfers in the following cases were all made prior to the commencement of the dissolution proceeding: Miller v. Miller, 22 Conn. App. 310 (1990);Farrell v. Farrell, 26 Conn. App. 305 (1904); Watson v.Watson, 221 Conn. 698 (1992).
The third-party defendants' efforts to distinguish these cases in their supplemental memorandum is not availing.
For the foregoing reasons, the third-party defendants' Motion to Strike is denied.
BASSICK, J.